LAW OFFICE OF
JOHN F. CARMAN
666 OLD COUNTRY ROAD
SUITE 501
GARDEN CITY, NEW YORK 11530-2004

UMAN
*el*

(516) 683-3600
TELECOPIER
(516) 683-8410

February 2, 2005

**VIA ELECTRONIC FILING**

Honorable Naomi Reice Buchwald
United States District Court Judge
500 Pearl Street
Room 2270
New York, NY 10007-1312

    Re: **USA v. ALDO GALLO**
       **Docket No. 03--CR-229-19 (NRB)**

Dear Judge Buchwald:

  Please accept this letter on behalf of my client, Aldo Gallo, who is scheduled to be sentenced on February 10, 2005 at 10:00 a.m.

**THE PLEA**

  Aldo Gallo pleaded guilty on October 6, 2004, pursuant to a plea agreement with the government, to a violation of 18 USC 1341, 1346, mail fraud.

**FAMILY/PERSONAL HISTORY**

  Aldo Gallo is a fifty-year-old naturalized citizen of the United States, having been born in Havana, Cuba in 1954. He is the father of a three-year-old daughter named, Julie Anna and is presently separated from his wife. He lives in a modest apartment in Glen Oaks, New York and maintains a very close relationship with his daughter with whom he spends every Saturday and Sunday. Since the filing of the

charges in this case, Mr. Gallo has remained a member of Local 14 and has continued to work as an operating engineer.

## STATEMENT OF OFFENSE CONDUCT

Prior to becoming a member of Local 14, Aldo Gallo was a member of Teamsters Union 282 and worked for approximately ten years as a truck driver. In the beginning of 2003, his father-in-law suggested that he join Local 14 and offered to assist him by "talking to some people." Gallo denies making any payment to gain entry into the union and has no knowledge that anyone made a payment on his behalf.

As a member of the union, it did become apparent to Mr. Gallo that favoritism played a role when it came to work assignments. If you knew and were friendly with the "right" people, you stood a better chance of obtaining desirable and consistent employment. Gallo acknowledges that he made use of those channels to obtain his assignment on the Newtown project and did not employ the official process.

Notwithstanding the manner in which he was selected to work at Newtown, Mr. Gallo was qualified to perform the work for which he was assigned. Although there are allegations in this case that Local 14 members were paid for "no show" jobs, Aldo Gallo was never paid for an hour he did not work. The government has never alleged that Gallo injured or threatened injury to anyone connected to this case.

## COMMENTS/ OBJECTIONS TO THE PSR

### PARAGRAPH 70

As stated above, Aldo Gallo denies making arrangements for payment or actually making a payment to co-defendant Rizzuto, Jr. to obtain his Local 14 stamp book. It is respectfully requested that the language in this paragraph be stricken from the report.

### PARAGRAPH 73

The language in this paragraph states that Aldo Gallo was given $70,000 to $120,000 to "pay for his membership in Local 14 and as pay for his dishonest assignment." There was never any agreement or understanding that Gallo was to use the funds from his paycheck to "pay for his membership." The funds were

simply the payroll that he received for performing the job that he obtained though the unlawful channels.

## PARAGRAPH 75

The language in this paragraph inaccurately states that Aldo Gallo was "convicted of extortion" and should be excised from the report.

## SENTENCING OPTIONS

The plea in this case was entered before the recent Supreme Court decisions which have rendered the Sentencing Guidelines "advisory." The plea agreement between the defendant and the government contained a projection of a guideline level of 10, yielding a range of 6-12 months in Zone B.

The PSR also concluded that the appropriate guideline range is 6-12 and that, pursuant to USSG 5B1.1(a)(2), the sentence can be satisfied by a period of probation with a condition that Mr. Gallo serve six months in home confinement. (PSR at p. ¶ 123). In its sentencing recommendation, the Probation Department has offered its view that a two year probationary term with six months home confinement is an appropriate sentence. The defense agrees with the government and probation on the guideline range and the manner it which it was calculated.

Given the facts and circumstances in this case, the defense is cautiously optimistic that the Court will not require prison as a component of any sentence rendered. In the event that the sentence imposed does include a condition requiring home confinement, we respectfully request that the Court take into account Mr. Gallo's relationship with his young daughter. Since his arrest, the instability in his marriage has had a profound effect on his daughter. Through all of the pressures of this case, and what would appear to be an impending divorce, Mr. Gallo has prioritized his parental responsibilities and has worked hard to cultivate his relationship with Julia Anna. I understand that for the last several months, Mr. Gallo has spent every Saturday and Sunday with his daughter.

To this end, in the event that the Court concludes that a sentence of home detention is appropriate, I respectfully request that the Court consider permitting Mr. Gallo to be out of his home during the period of the visits, which are typically 10 a.m. to 5 p.m. on Saturday and Sunday. Given the modest size of his apartment (650 square feet) and the fact that the majority of the home confinement will occur during the Spring and Summer months, carving out time for these visits will be of great benefit to the young child.

Thank you for the courtesy that you have extended to me in my efforts on behalf of Mr. Gallo.

Very truly yours,

*[signature]*

JOHN F. CARMAN
(JC-7149)

cc: AUSA Adam Siegel (Via electronic mail)

USPO Joseph Lombardo (Via electronic mail)

JFC/nfs